MEMORANDUM **
The National Labor Relations Board (Board) applies for enforcement of a final order of an Administrative Law Judge (ALJ), adopted by the Board, determining that ATC, LLC d/b/a ATC of Nevada (ATC) violated sections 8(a)(1), 8(a)(2), and 8(a)(5) of the National Labor Relations Act (Act), 29 U.S.C. §§ 151-169. We have jurisdiction pursuant to 29 U.S.C. § 160(e), and we enforce the Board’s order.
Substantial evidence supports the Board’s finding that ATC’s questioning of certain employees of the Amalgamated Transit Union, Local 1637 (Union) was coercive interrogation in violation of section 8(a)(1) of the Act. 29 U.S.C. § 158(a)(1). The questioning was performed at the behest of ATC’s Human Resources Manager and a number of other ATC supervisors; the employees were questioned together in the same room at ATC’s offices in the presence of the Human Resources Manager; and the employees were threatened with the imposition of disciplinary suspensions upon their initial refusal to submit to questioning. These facts are sufficient to sustain the Board’s finding of coercive interrogation. NLRB v. Los Angeles New Hosp., 640 F.2d 1017, 1019-20 (9th Cir. 1981).
The Board correctly determined that ATC’s refusal to comply with certain information requests made by the Union violated sections 8(a)(5) and 8(a)(1) of the Act. 29 U.S.C. § 158(a)(5), (a)(1). The Union’s request for information regarding the contract terms of certain nonunit employees sought information relevant to the Union’s related grievance. NLRB v. Associated Gen. Contractors of Cal., Inc., 633 F.2d 766, 770-71 (9th Cir.1980) (holding that a showing that the information requested is needed to aid in an investigation of contract violations is sufficient to prove *100 relevance). ATC was therefore obliged to comply with the request. NLRB v. Acme Indus. Co., 385 U.S. 432, 435-36, 87 S.Ct. 565, 17 L.Ed.2d 495 (1967). Similarly, the Union’s information request regarding unit employees asked to work mandatory overtime was presumptively relevant as it sought information concerning unit employees’ wages, hours, and terms and conditions of employment. San Diego Newspaper Guild v. NLRB, 548 F.2d 863, 867 (9th Cir.1977). There is no evidence that this request was unduly burdensome, or that the Union waived its right to this information in a 1999 settlement agreement regarding forced overtime. Finally, the Union’s information request regarding route eliminations was also presumptively relevant because the information sought concerns the working conditions of unit employees. Id. The Board properly rejected ATC’s tenuously supported argument that the request was made just to harass the company.
Finally, the Board correctly decided that ATC violated Section 8 of the Act by processing the grievance filed by Elizabeth Murray. ATC has waived its argument that the General Counsel failed to establish the elements of this violation because ATC failed to properly raise this issue before the Board. ATC’s oblique reference to “adjustment” in its reply brief before the Board falls short of the specificity required to avoid waiver. 29 C.F.R. § 102.46(b)(l)(i) (providing that any exceptions to an ALJ’s decision must “set forth specifically the questions of procedure, fact, law, or policy to which exception is taken”). As to whether ATC improperly dealt with a labor organization other than the Union, the record shows that Murray filed her grievance with the help of Terry Richards, who testified that she participated in the Transit Drivers Association of Nevada (TDAN); the form on which the grievance was filed was entitled “Grievance Form, Transit Drivers Association of Nevada” and it indicated that Richards was a “TDAN Rep[resentative]”; and a May 31, 2005 letter from ATC regarding the grievance addressed Richards as the “TDAN Representative” and further stated that the grievance will proceed if “TDAN and/or Elizabeth Murray either jointly or individually” were willing to share the costs with ATC. These facts are sufficient to sustain the Board’s finding that ATC dealt with a labor organization other than the Union in violation of Section 8 of the Act.
BOARD ORDER ENFORCED.

This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.